### AZEL CARPENTER *vs.* NORMAN TOWN.

P. gave plaintiff a chattel mortgage to secure payment of two promissory notes, one past due and the other not due, P. retaining possession of the goods mortgaged.   A condition of the mortgage was that if P. shall pay *according to the terms of the notes* whenever payment on the said notes shall be demanded, the mortgage to be void, but if default shall be made in the payment *at the time above limited*, it shall be lawful for plaintiff to take possession, &c.   A few days afterwards defendant attached the goods, they then being in P.'s possession, and plaintiff not having demanded payment. *Held* that, although one of the notes was due at the date of the mortgage, the parties must have contemplated an extension of credit, and that replevin in the *cepit* did not lie by plaintiff against defendant.

The mortgage contained a clause that if mortgagor sold or in any way disposed of the goods, mortgagee might take possession of and keep them till default in payment.   The attachment of the goods by defendant, without any connivance on the part of P., was not a sale or disposal of them within that clause.

Whether plaintiff could rightfully demand payment before the second note fell due, *quære* ?   But if he could, he clearly had no right to the possession until after a demand made.   *Per* BRONSON, J.

A demand rightfully made subsequent to the attachment would only entitle the plaintiff to an action in the *detinet*.   *Per* BRONSON, J.

---

(a) See *Lewis* v. *Palmer & Hart*, ante p. 68.

REPLEVIN in the *cepit* for horses, cows and other property, tried before DAYTON, Cir. Judge, at the Genesee circuit. The case was this: Morris M. Pendrill owed his father-in-law, the plaintiff, two promissory notes given for money lent; one note dated January 7, 1840, for $1000, payable in one year with interest; and the other dated November 30, 1841, for $50, payable one year from date with interest. On the 21st May, 1842, Pendrill executed a chattel mortgage of the property in question to the plaintiff: "Said goods and chattels *now remaining and continuing in the possession* of the said party of the first part," Pendrill. *Condition*, that if Pendrill should pay the plaintiff $1000 with interest, according to the terms of a certain promissory note [the note first above mentioned], and the further sum of $78 [this should have been $50] with interest, according to the terms of a certain other promissory note [the last note above mentioned], "*whenever payment on the said notes shall be demanded,*" then the mortgage to be void. But if default shall be made in the payment *at the time above limited*, it shall be lawful for the plaintiff *to take possession* and sell the goods. It was further agreed that if Pendrill should sell, assign or dispose, or attempt to sell, assign or dispose of the goods, or remove or attempt to remove them from the town, it should be lawful for the plaintiff *to take possession* and keep the goods *until default in payment*. Within a few days after the mortgage was given, the defendant attached the property, it then being in the possession of Pendrill; and this action was thereupon commenced. The judge decided that the mortgage had not become absolute at the time of the taking by the defendant, and that replevin in the *cepit* would not lie. The plaintiff then offered to prove a demand of payment of the mortgage, and a demand of the property, made after the taking by the defendant and before suit brought. The judge held that this would make no difference, and nonsuited the plaintiff. The plaintiff moves for a new trial on a bill of exceptions.

*J. H. Martindale*, for the plaintiff, cited *Russell* v. *Butter-*
10

*field*, 21 Wend., 300 ; Cow. Tr., 302, 55 ; *Fuller* v. *Acker*, 1 Hill, 473 ; 8 Johns., 192.

*C. P. Kirkland*, for defendant, cited *Barrett* v. *Warren*, 3 Hill, 348.

*By the Court*, BRONSON, J. One of the notes was past due when the mortgage was executed, and on that ground it is said that the plaintiff's title to the property became absolute the moment the conveyance was made. But although it is part of the condition that Pendrill should pay according to the terms of the notes, it is impossible not to see, on looking at the whole instrument, that the parties contemplated a further credit. It is questionable whether the plaintiff could rightfully demand payment, and entitle himself to the possession of the property, before the other note should become due. But if he could, he clearly had no right to the possession until after a demand made. There had neither been a demand, nor had the second note become due at the time the defendant took the property. The plaintiff neither had possession, nor the immediate right of possession at that time ; and consequently could not maintain trespass, or replevin in the *cepit*. The subsequent demand, if rightfully made, would only entitle him to an action in the *detinet*.

The seizure of the goods by virtue of the attachment, without any connivance on the part of Pendrill, did not bring the case within that clause of the mortgage which provided that the plaintiff might take possession in case Pendrill should sell, assign, dispose of, or remove the goods. I do not see how it is possible for the plaintiff to succeed in this action.

New trial denied.